Ziqi Yu (CA Bar No. 346236)
procollider@pm.me
166 Geary Street
STE 1500 #1841
San Francisco, CA 94108
Telephone: 1 (415) 519-5274

Attorney for Plaintiff
Shenzhenshi Santian Shiye Youxiangongsi

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SHENZHENSHI SANTIAN SHIYE YOUXIANGONGSI,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ZHIYONG QIU<br><br>　　　　　Defendant. | CASE NO. 3:25-cv-781<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |

　　　　Plaintiff Shenzhenshi Santian Shiye Youxiangongsi (hereinafter, "Plaintiff"), for their complaint against Defendant Zhiyong Qiu (hereinafter, "Defendant"), alleges:

## NATURE OF THE ACTION

　　　　1.　　This is an action for declaratory judgment of non-infringement of U.S. Design Patent No. D981,468 ("the '468 Patent") against Defendant pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35 of the United States Code, and for other relief the Court deems just and proper. A true and correct copy of the '468 Patent is attached hereto as **Exhibit 1**.

　　　　2.　　Plaintiff requests this relief because Defendant, on or about January 18, 2025,

wrongfully submitted false and misleading patent infringement complaint to Amazon.com, Complaint ID 17019669781, alleging that Plaintiff's phone holder sold on Amazon.com (Amazon Standard Identification Number ("ASIN") B0CJTL7Q3J; hereinafter, the "Accused Product") infringes the '468 Patent. A true and correct copy of Amazon.com's notice sent to Plaintiff regarding Defendant's false and misleading patent infringement complaint is attached hereto as **Exhibit 2**.

3. As a result of Defendant's false and misleading patent infringement complaint to Amazon.com, Amazon removed the Accused Product from its platform. As of the time of this Complaint, the removal has continued to prevent Plaintiff from selling the Accused Product, resulting in substantial harm to Plaintiff.

4. Plaintiff is a licensee of U.S. Design Patent No. D1,035,754 ("the '754 Patent"). The '754 Patent was filed on July 13, 2023 and was issued on July 16, 2024. A true and correct copy of the '754 Patent is attached hereto as **Exhibit 3**. The '754 Patent is valid and enforceable, and the Accused Product aligns with and embodies the design claimed by the '754 Patent.

5. Plaintiff denies having infringed or is infringing any valid or enforceable claim of the '468 Patent. Plaintiff expressly reserves the right to amend the Complaint to seek additional relief, including but not limited to claims of patent invalidity, unenforceability, damages, attorneys' fees, and costs.

6. An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201-2202 between Plaintiff and Defendant as to whether Plaintiff is infringing or has infringed the '468 Patent.

## THE PARTIES

7. Plaintiff is a Chinese corporation with a registered address of Building 8, Room 501, Bujiuwobaolongjun Industrial Zone, Longping Community, Dalang Subdistrict, Longhua District, Shenzhen City, Guangdong Province 518000, China.

8. Plaintiff operates under the trade name "TODI INC." on Amazon.com and sells various products, including the Accused Product.

9. Upon information and belief, including the '468 Patent's application information publicly available from USPTO Patent Center Website, Defendant is a Chinese individual with a mailing address in Liwan District, Guangzhou City, Guangdong Province 510000, China.

## JURISDICTION AND VENUE

10. Plaintiffs file this complaint against Defendants pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 et seq.

11. This Court has subject matter jurisdiction over this action, which arises under the United States' patent laws, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

12. This Court has personal jurisdiction over Defendant pursuant to the laws of the State of California, including California's Long Arm Statute, California Code of Civil Procedure § 410.10.

13. This Court also has personal jurisdiction over Defendant because Plaintiff has been selling Accused Product to California, including San Francisco (within this District). California constitutes one of Plaintiff's major markets, accounting for a substantial percentage of sales and inventory. Defendant's wrongful enforcement of the '468 Patent against Plaintiff on Amazon.com is currently obstructing Plaintiffs' ability to sell the Accused Product in California, including San Francisco. In other words, Defendant's patent enforcement activity targets and affects California.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, as Accused Product was sold into, and Defendant's patent enforcement activity affects, this District.

15. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is a foreign (Chinese) person and, upon information and belief, not resident in the United States.

## DIVISIONAL ASSIGNMENT

16. This case is an intellectual property rights action under Civil Local Rule 3-2(c) and General Order No. 44. Pursuant to Civil Local Rule 3-5(b) and General Order No. 44, this case shall be assigned on a district-wide basis.

## THE '468 PATENT

17. The '468 Patent is entitled "Selfie Stick Tripod." The '468 Patent was filed on August 9, 2022 and was issued on March 21, 2023. A true and correct copy of the '468 Patent is attached hereto as **Exhibit 1**.

18. Both **Exhibit 1** and the U.S. Patent and Trademark Office list Defendant as the '468 Patent's inventor and owner.

19. However, another U.S. Design Patent, U.S. Design Patent No. D1,024,172 ("the '172 Patent"), discloses a design that is highly similar to, if not identical to, the design claimed by the '468 Patent. A true and correct copy of the '172 Patent is attached hereto as **Exhibit 4**.

20. The '172 Patent is valid and enforceable.

21. The '172 Patent claims foreign priority to Chinese Patent CN202230480595.0 ("the Chinese Patent 1"), which has an application date of July 26, 2022—predating the application date of the '468 Patent. A true and correct copy of the Chinese Patent 1 is attached hereto as **Exhibit 5**.

22. Another Chinese Patent, CN 202230480916.7 ("the Chinese Patent 2"), also discloses a design that is highly similar to the design claimed by the '468 Patent. The Chinese Patent 2 has an application date of July 26, 2022—predating the '468 Patent. A true and correct copy of the Chinese Patent 1 is attached hereto as **Exhibit 6**.

23. Upon information and belief, products incorporating the designs disclosed in the Chinese Patent 1 and the Chinese Patent 2 have been publicly available prior to the filing date of the '468 Patent.

24. The '172 Patent, the Chinese Patent 1, and the Chinese Patent 2 all constitute prior art to the '468 Patent.

# COUNT ONE

**(Declaratory Judgment of Non-Infringement of the '468 Patent Based on the Validity of the Distinct Design Claimed by the '754 Patent)**

25. Paragraphs 1 through 24 are incorporated herein as set forth above.

26. Defendant is the current owner of the '468 Patent.

27. As set forth above, an actual and justiciable controversy exists between Plaintiff and Defendant regarding infringement of claims of the '468 Patent.

28. The manufacture, use, offer for sale, sale, and/or importation of the Accused Product sold by Plaintiff does not infringe and has not infringed, directly or indirectly, the '468 Patent.

29. The Accused Product aligns with the design claimed by the '754 Patent.

30. The design disclosed by the '468 Patent qualifies as prior art to the '754 Patent.

31. The '754 Patent is valid and enforceable and is entitled to a presumption of validity and enforceability under 35 U.S.C. § 282(a). Consequently, the Accused Product, embodying the design claimed by the '754 Patent, is so vastly different from the design claimed by the '468 Patent that it cannot infringe the '468 Patent.

32. Therefore, Plaintiff is entitled to a judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the Accused Product does not and will not infringe the design claimed by the '468 Patent.

# COUNT TWO

**(Declaratory Judgment of Non-Infringement of the '468 Patent Based on the Differences Between the Accused Product and the Design Claimed by the '468 Patent)**

33. Paragraphs 1 through 32 are incorporated herein as set forth above.

34. The '172 Patent, the Chinese Patent 1, and the Chinese Patent 2 all constitute prior art to the '468 Patent.

35. The '468 Patent is nearly identical to the '172 Patent, Chinese Patent 1, and Chinese Patent 2, exhibiting only minimal differences, if any.

36. To an ordinary observer, the Accused Product and the design claimed by the '468 Patent are so vastly different that the observer would not be deceived into purchasing the Accused Product under the impression that the Accused Product is the design claimed by the '468 Patent.

37. The manufacture, use, offer for sale, sale, and/or importation of the Accused Product sold by Plaintiff does not infringe and has not infringed, directly or indirectly, the '468 Patent.

38. Therefore, Plaintiff is entitled to a judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the Accused Product does not and will not infringe the design claimed by the '468 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter the following relief pursuant to 28 U.S.C. §§ 2201 and 2202:

A. That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for sale, sale, and/or importation of the Accused Product does not and will not infringe the '468 Patent;

B. That an injunction be issued prohibiting Defendant, along with their agents, representatives, attorneys, employees, and all persons acting in active concert or participation with them who receive actual notice hereof, from filing or threatening to file patent infringement complaints with Amazon.com or initiating infringement litigation against Plaintiff or their current or prospective customers, dealers, distributors, or suppliers, based on alleged infringement of the '468 Patent related to the manufacture, use, offer for sale, sale, and/or importation of the Accused Product;

C. That an order be issued compelling Defendant to retract the false and misleading infringement complaint submitted to Amazon;

D. That the Court award all other and further relief as it deems just and proper.

DATED: January 23, 2025    Respectfully submitted,

By: */s/ Ziqi Yu*

Ziqi Yu (CA Bar No. 346236)

procollider@pm.me

166 Geary Street

STE 1500 #1841

San Francisco, CA 94108

Telephone: 1 (415) 519-5274

Attorney for Plaintiff

Shenzhenshi Santian Shiye Youxiangongsi

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT
CASE NO.: 3:25-cv-781
PAGE NO. 7 OF 7